## CIRCUIT COURT OF ACCOMACK COUNTY

Vickie Ann Colona

v.

Accomack County School Board,
and William A. Owings,
individually and in his capacity as
Superintendent of Schools
of Accomack County,
and W. Richard Bull, Jr.,
individually and in his capacity as
Assistant Superintendent
for Administration and Human
Resources of Schools of Accomack County,
and Margaret Miles, individually
and in her capacity as
Principal of South Accomack
Elementary School

July 17, 2000

Case No. (Law) 99CL089

BY JUDGE GLEN A. TYLER

For purposes of this Opinion, the facts alleged by the plaintiff are assumed to be true.

The plaintiff was employed as a substitute public school teacher. She was conducting a class that included a child eight years of age who had human immunodeficiency virus or acquired immune deficiency syndrome. She had not been informed of the child's disease. The school authorities were aware of the fact and had also employed another teacher's assistant to help her and

others manage the child. The child was known by the assistant and by the school authorities to be violent. The child's mother had died from AIDS. The plaintiff had not been instructed or trained by the school authorities as other teachers had on how to cope with this child or with any child with such disposition and infection.

When, on the occasion giving rise to this case, the infected child attacked his special assistant, the plaintiff went to the aid of the assistant, though uninformed and untrained, and was also attacked by the child. The attack included the child's biting the plaintiff and causing bleeding by himself and the plaintiff and the co-mingling of bodily fluids of both.

The plaintiff now lives in fear of the fatal infection and is unable to conduct her life with her husband and family in a normal fashion. She is not yet aware of whether she has been or will ever be infected, though she very well may be.

*Duty*

Chapter 2 of Title 32.1 of the Code of Virginia addresses disease prevention and control. Article 1 in Chapter 2 requires in § 32.1-36 that physicians and laboratory directors report certain listed diseases found by them in their work. The section includes a requirement that physicians report to the health department the identity of any patient who tests positive for exposure to HIV. The next section, § 32.1-36.1, provides that the results of such tests are confidential, and such test results may be released only to certain authorized persons including, among twelve categories, the general statement that such test results may be released to any person as authorized by law.

The defendants contend that § 32.1-36.1 of the Code prohibits school authorities from revealing, if they know, to a teacher that a student is HIV positive or has AIDS. The defendants' position is not well taken. The statute governs test results and the release of test results. Persons involved with such testing and the preparation of reports are constrained by the statute, but defendants have not informed the Court of any statute either constraining public school authorities or allowing them to release what they may know.

Paragraph D in the Code Section provides that none of those individuals among the twelve who are authorized to receive the test results has a duty, where none exists otherwise, to inform those others, who are authorized to receive test results, if they have not received the information yet.

The following statute, § 32.1-37, does require the person in charge of any school to report a disease required by the health department to be reported if

the person has the information and believes no physician has reported it to the department.

Chapter 14 of Title 22.1 of the Code of Virginia governs public school pupils, and Article 2 therein covers health provisions. Paragraph C of § 22.1-271.3 requires that all school boards insure that all school personnel having direct contact with students receive training regarding the etiology, prevention, transmission, and effects of HIV. That paragraph does not, contrary to the argument of plaintiff's counsel, create a duty upon a board or its employees to inform a teacher that a particular student is infected with HIV, nor does it require training in how to manage such student. The training is relative to the disease, not the person who has it. However, when the following paragraph is considered, paragraph "D," it is clear that it is presumed that a teacher would be informed which student or students are HIV positive. Since we cannot assume the provision is meaningless, how could a teacher come to believe that she has been exposed as a result of an incident if the information is not revealed as to which student may be infected? The statute in paragraph D provides that she may request a health department investigation for her very own protection from risks.

The legislature dances around the obvious duty in its cautious language because of the stigma attached to the disease, but, reading the statute as a whole, its beneficial effects or attempts at codifying assistance to vulnerable teachers reveal a duty to inform and instruct not only as to the disease but as to which students are infected. Just imagine the burdensome problems that would arise where every time any teacher is exposed to the blood, or any body fluids, of any student in the whole school the teacher requests a health department investigation. Is that what the legislature intended? It would not be thought so.[1]

The defendants' demurrer on the grounds that no duty was owed the plaintiff will be overruled.

## Sovereign Immunity

Counties in Virginia are cloaked with sovereign immunity in tort actions. *Messina v. Burden*, 228 Va. 301 (1984). And school boards in counties share that immunity. *Kellam v. Sch. Bd.*, 202 Va. 252 (1960); *Messina*, 228 Va. at 309. There are exceptions or modifications regarding immunity where employees of counties and school boards are sued in tort. As to them, the

---

[1] Though not dispositive in this case, see Andrew R. Klein, *A Model for Enhanced Risk Recovery in Tort*, 56 W. & L. Law Rev. 4 (1999).

defense of sovereign immunity is not absolute. *Id.* at 311. Analysis of the four-part test in *Messina* to determine whether an employee will enjoy the employer's immunity reveals that, in the case at bar, the fourth part is the only one in question: whether the act complained of involved judgment or discretion by the employee.

The plaintiff contends that her allegations reveal that only a ministerial function on the part of the individual defendants is involved. However, informing a teacher about who in her class of students may have AIDS or be HIV positive and training her to understand the diseases and cope with the problem child in that regard clearly involve discretion on the part of school administrative personnel. Where discretion is involved, the employee may be liable in a tort action only for gross negligence. *National Railroad v. Catlett Fire Co.*, 241 Va. 402 (1991).

Defendants contend that there are insufficient factual allegations in the motion for judgment to make out a case of gross negligence for a jury to resolve and that the Court should so conclude on demurrer. There remains, however, the allegation that not only was the plaintiff, teacher, not informed or trained, but that the child was violent and had attacked other teachers. Whether, in the circumstances of violent propensity, it was ordinary or gross negligence not to inform and train the teacher is a question for a jury.

The defendants' demurrer on the ground of sovereign immunity will be sustained as to the Accomack County School Board and overruled as to the three individual employees of the Board.

### Workers' Compensation

If an injury is compensable under the Workers' Compensation Act, the statute provides the exclusive remedy. Va. Code Ann. § 65.2-307.

The injury alleged in this case arises from an attack upon the plaintiff by a student in her class. The damages alleged include the emotional distress caused by fear that the plaintiff may contract the disease of AIDS. Therefore, the central torts in this case are mental anguish flowing from physical trauma or negligent infliction of emotional distress. That tort does not stand alone. In Virginia there must also be a physical injury. *Hughes v. Moore*, 214 Va. 27 (1973). Plaintiff has not sued the child who inflicted the injury but has sued the School Board and its administrative employees.

The physical battery cannot be separated from the mental distress as a cause of action.

The plaintiff contends that there is in this case a unique factor: that the Court should view the actual risk in this case as a separate risk, created by lack

of notice and lack of instruction. But one must look at the attack, which could be contemplated in the circumstances of this particular employment.

Regarding plaintiff's assertion that there is no accident, this case is not analogous to one where the tort of intentional infliction of emotional distress is involved. *Lichtman v. Knouf*, 248 Va. 138 (1994). In that tort there is no accident. In the case at bar, the alleged facts show an injury as a result of an identifiable incident causing a mechanical or structural change in the body. Additionally, it is alleged that emotional distress flows from that incident and from the injuries suffered. The fear of AIDS grows out of the physical afflictions.

No other independent tort is alleged.

Hypothetically, if there were circumstances where there was a willful and wanton lack of notice and instruction, and for some reason (which would not be easy to imagine) there arose the fear of contracting AIDS that did not arise from an underlying accident, such as this attack, then possibly plaintiff would have a case outside the physical impact rule. Then, maybe plaintiff would have a case not barred by the Workers' Compensation Act. It is simply the fact that there was in this case an accident, the attack, which arose out of and in the course of the employment, that bars an independent tort action against the employer or its other employees.

It is unquestioned by either party that the events in this case arose in the course of the plaintiff's employment. All agree that she was on the job at her school while fulfilling her duties when the problem arose. The event or problem was that a student acted up so severely that restraint was required. The plaintiff stepped in to help the special school employee assigned to this known unruly student. In so doing the plaintiff was injured by the student, who bit the plaintiff, and both plaintiff and the student suffered from bleeding and other effects of the physical altercation.

Contrary to the assertions of the defendant, the plaintiff contends that the injury she suffered, specifically the consequential fear that she may become infected as a result of the bleeding, was not as a result of an accident arising out of her employment with defendant. However, the injury of fear of infection is a direct consequence of the physical injury received in the fight to restrain the student which, of course, occurred suddenly there in the school. That was the precipitating event that caused an obvious mechanical or structural change in her body. *Combs v. Virginia Power*, 259 Va. 503 (2000); *Southern Express v. Green*, 257 Va. 181 (1999).

Furthermore, the injury arose out of the plaintiff's employment. Plaintiff would not have been equally exposed to the hazard of injury by an unruly student apart from her employment. It was peculiar to the work with special

education students and incidental to the character of the school business in that type of setting. The actual risk was that the plaintiff, a substitute teacher of special education students (those with various defects or unusual challenges of mind and body), was exposed to the particular danger causing her injury. If the plaintiff did not know what infection the student had nor how to combat infection herself, or if her supervisors knew and should have told her how to protect herself, that does not change the circumstances that the injury was a risk of the very employment itself. *Combs*, 259 Va. at 509.

Defendants' plea of workers' compensation will be granted.