## CIRCUIT COURT OF FAIRFAX COUNTY

Tanseem Murhutta

v.

Planning Systems, Inc., et al.

March 19, 2003

Case No. (Law) 208042

BY JUDGE JONATHAN C. THACHER

This matter came before the Court on January 9, 2003, on Defendant Planning Systems, Incorporated's Plea in Bar. The case was taken under advisement to determine whether the Defendant's Plea should be granted. For the reasons set forth in this letter opinion, Defendant Planning System's Plea in Bar is sustained.

*Facts*

Tanseem Murhutta, an employee of Planning Systems, Inc., (hereinafter PSI) since 1998, held the position of accounting supervisor at the time she became ill. PSI is a high technology company headquartered in Reston, Virginia. Murhutta alleges that she became seriously ill from exposure to certain petroleum based chemicals when her office building was fumigated. As a result of this fumigation, Murhutta alleges that her pre-existing "super chemical sensitivities" were

aggravated and that exposure to the chemicals used during fumigation seriously degraded her physical condition.

In support of this claim, Murhutta alleges that on January 31, 2002, PSI employees were notified that the office would be "bombed" for insects the following Saturday. Murhutta immediately met with PSI management to express her concern over the possible fumigation and to inform them that it would put her in physical danger due to her chemical sensitivity. Murhutta asked management to inform her if the fumigation was to go forward.

Murhutta was eventually told that fumigation would occur and that the building management would be using a biodegradable, all natural product to fumigate, that it would not be harmful, and no harmful residue would remain from the product. Despite Murhutta's efforts, she was unable to ascertain the exact name of the product to be used for fumigation. On February 2, 2002, chemicals were used to fumigate the office building.

The next day, on Sunday, February 2, 2002, Murhutta, dressed in three layers of protective clothing, went to her office to ensure that the vents were open, the office was ventilated, and to set up a personal fan. Murhutta also gathered up some work papers to bring home with her. Murhutta alleges that she began to experience itching and tingling on her exposed skin, while in the office, and the next morning, large clumps of her hair fell out. Murhutta contacted PSI management to identify the type of chemicals used in fumigation so that her Doctor could treat her effectively. Murhutta alleges that she informed management that "she had gone to the office Sunday night to pick up papers and had experienced skin irritation. . . ." Motion for Judgment ¶ 19. PSI told Murhutta that the building had not been fumigated. Murhutta reported to work on February 5, 2002, and thereafter experienced increasingly serious health problems, including difficulty breathing. Upon her Doctor's recommendation, she sought treatment at the emergency room for her deteriorating condition. Unable to return to work, Murhutta filed an Employer's Accident Report under the Virginia Workers' Compensation Act on March 1, 2002. On June 4, 2002, PSI fired Murhutta. At the present time, Murhutta is unable to work, has difficulty tending to her own personal care needs, and has had to rent her home and move in with relatives in order to receive the care she needs.

Murhutta seeks $15 million in compensatory damages and $25 million in punitive damages for PSI's alleged negligent misrepresentation and negligence for failing to inform her that fumigation had taken place and failing to provide her with a safe workplace. PSI filed a Plea in Bar claiming that this Court lacks jurisdiction to hear Murhutta's claims and that the Plaintiff's sole

remedy is under the Virginia Workers' Compensation Act (hereinafter "the Act").

## Analysis

A plea in bar is a defensive pleading that is used to present a single factual issue as a defense to the plaintiff's suit. *Campbell v. Johnson*, 203 Va. 43, 47, 122 S.E.2d 907 (1961); *Bolling v. General Motors Acceptance Corp.*, 204 Va. 4, 8, 129 S.E.2d 54 (1963). If proven, the plea defeats the plaintiff's action absolutely. *Id.* For purposes of a plea in bar, the facts stated in the plaintiff's motion for judgment are deemed true. *Glascock v. Laserna*, 247 Va. 108, 439 S.E.2d 380 (1994).

When an employee in Virginia is injured in the performance of her duties for her employer, the Virginia Workers' Compensation Act provides her sole and exclusive remedy against the employer. *McCotter v. Smithfield Packing Co.*, 849 F. Supp. 443, 446 (E.D. Va. 1994); Virginia Code § 65.2-307; *Rasnick v. Pittston Co.*, 237 Va. 658, 659-60, 379 S.E.2d 353, 354 (1989). An injury is subject to the exclusivity provision of the Virginia Workers' Compensation Act if it was the result of (1) an accident, (2) arising out of, (3) and in the course of, a claimant's employment. *Combs v. Virginia Elec. & Power Co.*, 259 Va. 503, 508, 525 S.E.2d 278 (2000).

## Injury by Accident

Murhutta's injury qualifies as an injury by accident. The meaning of "injury by accident" is liberally construed in favor of the workman to carry out the humane and beneficent purposes of the Act. *Airstop v. Blue Diamond Coal Co.*, 178 Va. 265 (1941).

An injury by accident is defined as (1) an identifiable incident, (2) that occurred at some reasonably definite time, (3) where an obvious, sudden mechanical or structural change in the body occurs, and (4) a causal connection between the incident and the bodily change exists. *See Southside Virginia Training Center v. Jones*, 2898-98-2, 2000 Va. App. LEXIS 8 (Va. App. 2000). An injury that aggravates a pre-existing condition is compensable under the Act. *Olsten of Richmond v. Leftwich*, 230 Va. 317, 320, 336 S.E.2d 893 (1985).

Murhutta identifies the fumigation on Saturday, February 2, 2002, as the identifiable incident causing her injury. She claims that, upon entering the PSI office on February 3, 2002, she immediately felt itching and tingling on exposed skin and that her hair fell out in clumps the next morning. This incident suffices as an obvious, sudden structural change in her body that

Murhutta alleges was caused by the fumigation at her place of employment. Plaintiff's allegations indicate that her injury qualifies as an injury by accident.

## Arising out of Employment

Murhutta's injury arose out of her employment with PSI. An injury arises out of the employment where there is, apparent to the rational mind upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. *Combs*, 259 Va. at 510 (2000).

Virginia applies the "actual risk" test which requires only that the employment expose the workman to the particular danger from which he is injured. *Olsten of Richmond v. Leftwich*, 230 Va. 317, 320, 336 S.E.2d 893 (1985). The injury must be fairly traceable to the employment as a contributing proximate cause in order to fall under the auspices of the Act. *See Combs* at 510.

Murhutta alleges that she was injured as a result of exposure to certain chemicals at her place of employment. Murhutta further alleges that this injury is directly traceable to her employment with PSI and the conditions under which PSI required her work to be performed — specifically, in an office building that had been fumigated. Consequently, her injury arises out of her employment.

## In the Course of Employment

Murhutta's injury occurred in the course of her employment. An injury occurs in the course of employment when it takes place within the period of employment, at a place where the employee is reasonably expected to be, and while fulfilling the duties of her employment or is doing something that is reasonably incidental thereto. *Lucas v. Lucas*, 212 Va. 561, 563, 186 S.E.2d 63 (1941). Accidental injuries occurring on work premises before or after regular work hours are also compensable and the timing of these injuries does not necessarily bar recovery under the Act. *Id.* at 563. *Poindexter v. Virginia Military Inst.*, 51 O.I.C. 216 (1969).

Murhutta alleges that, as an accountant, she often worked more than forty-hour work weeks. Motion for Judgment ¶ 3. While Murhutta may have gone to the office on that Sunday to check for ventilation and to bring in a personal fan, the Motion for Judgment also alleges that, at the same time, "she gathered up some work papers. . . ." Motion for Judgment ¶ 17. Murhutta further alleges that she reported to PSI management that "she had gone to the office Sunday night to pick up some papers. . . ." Motion for Judgment ¶ 19. It

is not unreasonable to assume that her presence in her office on Sunday was where she was reasonably expected to be and that picking up work papers was reasonably incidental to fulfilling her job responsibilities. The factual allegations in the Motion for Judgment support the contention that Murhutta's injury arose in the course of her employment.

*Counts III and IV*

In addition to Murhutta's claim that her injury falls outside the purview of the Workers' Compensation Act, Murhutta argues that the employer intentional tort exception applies in this case (Count III) and that her claim of fraudulent misrepresentation is a personal tort and not subject to the Act (Count IV).

In support of Count III, Plaintiff cites *McGreevy v. Racal-Dana Instruments, Inc.*, 690 F. Supp. 468 (E.D. Va., 1988), for the proposition that Virginia has created an exception to the exclusivity rule when an employer commits an intentional tort against an employee. However, the Court, in *Haddon v. Metropolitan Life Ins. Co.*, 239 Va. 397, 389 S.E.2d 712 (1990), made it clear that under Virginia law, an injury caused by an employer's intentional tort falls within the definition of injury by accident under the Act. (An unrelated aspect of *Haddon* was later overruled by *Middlekauff v. Allstate, Inc.*, 247 Va. 150 (1994).)

In Count IV, Murhutta claims that PSI made fraudulent misrepresentations to her and, as a result of this false information, she suffered physical harm. Motion for Judgment ¶ 19. Murhutta argues that tort actions based upon dissemination of inaccurate information are not precluded by the Act because they do not cause physical harm. Murhutta's fraudulent misrepresentation allegations are not separate from the physical injury she claims. The Act is not concerned with the species of tort that caused the harm. *Snead v. Harbaugh*, 241 Va. 524, 404 S.E.2d 53 (1991).[1] Rather, it is concerned with compensating for the loss caused by the injury. *Id.*

In sum, Murhutta's claim for injury resulting from exposure to chemicals used to fumigate the PSI building was an injury by accident that arose out of and in the course of her employment with PSI. Further, her attempts to plead an employer intentional tort exception to the exclusivity provision of the Act fail as a matter of law and her characterization of the fraudulent misrepresentation claim as

---

[1] The defamation claim was allowed only because plaintiff did not plead physical or emotional injury, only damage to reputation.

separate from her injury directly contradicts her allegations. Defendant PSI's Plea in Bar is sustained.