COURT OF APPEALS OF VIRGINIA


Present: Judges Clements, Agee[*] and Felton
Argued at Richmond, Virginia


EDWARD RAY JONES

MEMORANDUM OPINION[**] BY

v.   Record No. 1766-02-2            JUDGE JEAN HARRISON CLEMENTS
                                      SEPTEMBER 9, 2003

VIRGINIA ELEVATOR COMPANY, INC. AND
 COMMONWEALTH CONTRACTORS GROUP
 SELF-INSURANCE ASSOCIATION


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

         Gregory O. Harbison (Elizabeth C. Griffin;
         Geoffrey R. McDonald & Associates, on brief),
         for appellant.

         R. Ferrell Newman (Thompson, Smithers,
         Newman, Wade & Childress, on brief), for
         appellees.


     Edward Ray Jones (claimant) appeals a decision of the

Workers' Compensation Commission (commission) denying his claim

for temporary total disability benefits and medical benefits

from Virginia Elevator Company, Inc. and Commonwealth

Contractors Group Self-Insurance Association (collectively,

employer).  On appeal, claimant contends the commission erred in

finding that the injury by accident he suffered did not arise

_____

     [*] Justice Agee participated in the hearing and decision of
this case prior to his investiture as a Justice of the Supreme
Court of Virginia.

     [**] Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

out of and in the course of his employment.  Finding no error, we affirm the commission's decision.

As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, this opinion recites only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

## I.  BACKGROUND

"By well established principles, we view the evidence in the record in the light most favorable to the party prevailing before the commission."  Boys and Girls Club of Virginia v. Marshall, 37 Va. App. 83, 85, 554 S.E.2d 104, 105 (2001).  So viewed, the evidence established that claimant worked for employer for seven years as an elevator constructor.  Employer's business involved the removal and installation of elevators.  On March 12, 2001, claimant was working at a job site in Farmville, Virginia removing an old elevator and installing a new one.  Needing some hydraulic fittings and other equipment for the project, claimant called David C. Wilson, the operations manager at the employer's main office in Richmond, Virginia, and requested the parts.  Informed by Wilson that the delivery truck was unavailable, claimant told him he would "swing by" and pick up the needed parts on his way home after attending a union meeting in Richmond that evening.  Claimant arranged with Wilson

for the parts to be placed in a wheelchair lift in the parking lot of employer's main office.

Wilson testified that the material and equipment needed at a job site were sometimes delivered by truck to the site and sometimes picked up at the main office by the workers themselves. Wilson further testified that the workers were not obligated to come to employer's main office after hours to pick up parts or materials but acknowledged they were free to do so and did so routinely for out-of-town jobs when they could not make it to the office during regular business hours.

Claimant arrived at the premises of the main office around 9:30 p.m. It was dark and raining at the time. Spanning the front of the parking lot was an eight-foot-high chain link security fence, on top of which were three strands of barbed wire. The fence had a gate that was secured after hours by a combination lock. The company's employees were given the combination of the lock so they could access the lot to pick up parts or materials after hours, if needed. Claimant intended to enter the lot through the gate by unlocking the combination lock. Although claimant knew the combination, he was unable, after several attempts, to open the lock. Claimant then attempted to access the lot by climbing over the security fence. As he did so, he became entangled in the barbed wire at the top of the fence and fell into the lot, injuring his left heel.

- 3 -

Although he had climbed the fence previously, claimant never told employer he had done so.[1]

Claimant testified that he could not have picked up the parts the next morning during business hours and timely arrived at the job site. Claimant's co-worker at the job site, Steven Davis, testified that, although the parts requested by claimant were needed to continue to the next step of the project, their work at the job site would not have come to a halt without them.

Finding claimant's injury did not arise out of and in the course of his employment, the deputy commissioner denied claimant's request for compensation benefits. Upon review, the commission affirmed the deputy commissioner's decision. This appeal by claimant followed.

## II. ANALYSIS

To recover benefits under the Workers' Compensation Act, an employee must prove "by a preponderance of the evidence that he suffered an injury by accident 'arising out of and in the course of [his] employment.'" Falls Church Const. Corp. v. Valle, 21 Va. App. 351, 359-60, 464 S.E.2d 517, 522 (1995) (alteration in original) (quoting Code § 65.2-101). Claimant argues, on appeal,

---

[1] Although employer presented evidence of claimant's consumption of alcohol on the evening in question, the commission expressly noted that it "ma[d]e no finding regarding the claimant's alleged intoxication and its relationship to the incident in question." As neither party challenges the commission's ruling in that regard, the matter is not before us on appeal. See Calvin v. Calvin, 31 Va. App. 181, 184 n.2, 522 S.E.2d 376, 377 n.2 (1999).

that he is entitled to compensation benefits because he proved his injury arose out of and in the course of his employment.  We disagree.

> A finding by the [c]ommission that an injury arose out of and in the course of employment is a mixed finding of law and fact and is properly reviewable on appeal. Upon appellate review, this Court will uphold findings of fact made by the [c]ommission when supported by credible evidence.

Dublin Garment Co., Inc. v. Jones, 2 Va. App. 165, 167, 342 S.E.2d 638, 638 (1986) (citations omitted).  "Accordingly, we must determine whether the facts presented are sufficient as a matter of law to justify the [c]ommission's finding" that claimant's injury did not arise out of and in the course of his employment.  Id. at 167, 342 S.E2d at 639.

"The phrase 'arising out of' pertains to the origin or cause of the injury."  Combs v. Virginia Elec. & Power Co., 259 Va. 503, 508, 525 S.E.2d 278, 282 (2000).

> An injury "arises 'out of' the employment, when there is apparent to the rational mind upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury.  Under this test, if the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises 'out of' the employment."

- 5 -

Id. (quoting In re Employers' Liab. Assur. Corp., Ltd., 102 N.E. 697, 697 (Mass. 1913)). To determine whether an injury arose out of the employment, "we apply an 'actual risk test,' meaning that the employment must expose the employee to the particular danger causing the injury, notwithstanding the public's exposure generally to similar risks." Id. at 510, 525 S.E.2d at 282.

By contrast, "'[t]he phrase arising in "the course of" [employment] refers to the time, place, and circumstances under which the accident occurred.'" Id. at 511, 525 S.E.2d at 283 (second alteration in original) (quoting County of Chesterfield v. Johnson, 237 Va. 180, 183, 376 S.E.2d 73, 74 (1989)). "[A]n accident occurs in the 'course of employment' when it takes place within the period of employment, at a place where the employee may be reasonably expected to be, and while he is reasonably fulfilling the duties of his employment or is doing something which is reasonably incidental thereto." Connor v. Bragg, 203 Va. 204, 208, 123 S.E.2d 393, 396 (1962).

Here, testimony revealed that it was customary for employees to pick up parts or materials after hours at the employer's main office by using the combination lock to unlock the gate in the fence at the front of the office's parking lot. Thus, had claimant been injured while executing that accepted method of picking up parts after hours, his injury would have been compensable.

That was not what happened in this case, however. The evidence established that claimant sustained his injury when, failing to unlock the combination lock, he then climbed up the eight-foot-high security fence in the dark and in the rain, became entangled in the barbed wire at the top of the fence, and consequently fell into the lot. The evidence further established that claimant was not required to pick up parts or materials at employer's main office after hours and that his work at the job site would not have stopped if he had not picked up the parts that night. Furthermore, the evidence established that claimant never told employer that he had previously climbed the security fence to access the lot. Moreover, no evidence was presented suggesting that employer knew that claimant or anyone else had ever climbed the fence to access the lot.

We conclude that this credible evidence is sufficient, as a matter of law, to justify the commission's determination that claimant's injury did not arise out of and in the course of his employment. As the commission noted, while it may have been an accepted practice for employees to pick up parts after hours at the employer's main office by unlocking the gate, clearly doing so by scaling the eight-foot-high security fence topped with barbed wire, in the dark, while it was raining "was not a duty required of [claimant] or his job" and, thus, not "a risk of his employment." Likewise, atop a barbed wire fence that was

obviously intended to keep people out of the lot was not a place where employer would reasonably expect claimant to be.

Thus, we hold the commission did not err in concluding that claimant's injury did not arise out of and in the course of his employment. Accordingly, we affirm the commission's decision.

<u>Affirmed.</u>