COURT OF APPEALS OF VIRGINIA


Present: Judges Elder, Petty and Alston
Argued at Chesapeake, Virginia


DOMINION VIRGINIA POWER AND
   DOMINION RESOURCES, INC.
                                                MEMORANDUM OPINION[*] BY
v.        Record No. 0866-10-1                  JUDGE ROSSIE D. ALSTON, JR.
                                                        JUNE 7, 2011
BETTY J. PULLEY


              FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              Arthur T. Aylward (Angela F. Gibbs; Midkiff, Muncie & Ross,
              P.C., on briefs), for appellants.

              John H. Klein (Montagna, Klein, Camden, LLP, on brief), for
              appellee.


        Dominion Virginia Power and Dominion Resources, Inc. (employer) appeal a decision of

the Workers' Compensation Commission (the commission) awarding benefits to Betty J. Pulley

(claimant).  Employer alleges the commission erred in finding that claimant's injuries arose out

of a risk peculiar to her employment, rather than a risk common to the neighborhood.  For the

reasons that follow, we find that the commission erred in failing to apply the "actual risk" test

and remand the case to the commission for proceedings consistent with this opinion.

───────────────
        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

## I. BACKGROUND[1]

On appeal from the commission, "we view the evidence in the light most favorable to the party prevailing below[,]" in this case, claimant. Tomes v. James City Fire, 39 Va. App. 424, 429, 573 S.E.2d 312, 315 (2002).

So viewed, the evidence indicated that on November 2, 2007, claimant was employed by employer as an instructor, teaching customer service center communications and technical skills. During her afternoon break, claimant went to the Dominion Credit Union, located in a building attached to her place of work. As she returned from the credit union and entered her place of work, claimant tripped over a raised door threshold, ripping her shoe. Claimant fell forward, hit her head, and lost consciousness.

As a result of this incident, claimant filed a claim for benefits for injuries to her knees, right hip, right shoulder, back, head, and face. At a hearing before the deputy commissioner, Colin Forehand, employer's supervisor of facilities, testified that six new doors had been installed in the building in June 2007 to replace old, worn-out doors. Forehand testified that the new doors were "stock" doors with no modifications and that they had a threshold with a raised lip of about one-half inch. Furthermore, Richard Hudson, who installed the new doors, testified that the doors were standard commercial doors that he had previously installed in other types of facilities, such as schools, libraries, and government buildings. Hudson testified that the threshold on the new doors was five-eighths of an inch high. Finally, Forehand and Olivia Banks, who oversaw health and safety for employer, also testified that cautionary signs were placed near the newly-installed doors to warn people of the new raised threshold.

---

[1] As the parties are fully conversant with the record in this case and because this memorandum opinion carries no precedential value, this opinion recites only those facts and incidents of the proceedings as are necessary to the parties' understanding of the disposition of this appeal.

At the hearing before the deputy commissioner, employer denied the claim, alleging that claimant's accident did not arise out of her employment, claimant's medical treatment and disability were not causally related to the accident in question, and claimant had pre-existing conditions. The deputy commissioner denied claimant's claim for benefits, holding that her injury did not arise out of her employment because there was no evidence of a defect in the threshold or other unusual condition associated with the workplace. The deputy commissioner found that there was no evidence that the height of the threshold "constituted some unusual hazard associated with the employment" and denied claimant's claim.

Claimant appealed to the full commission. Upon review, the full commission held that claimant's injury arose out of her employment. The commission found that claimant tripped over the threshold when her right foot hit the threshold, causing her to tear the tip of her shoe, fall forward to the floor, and sustain injuries. The commission also found that the threshold was five-eighths of an inch in height from the ground. In reaching its holding, the commission relied on its opinions in Turner v. S. Va. Mental Health Inst, 75 O.W.C. 199 (1996), and Yousef v. Atl. Coast Airlines, VWC File No. 211-81-31 (Va. Workers' Comp. Comm'n July 11, 2003), where the commission had found injuries resulting from trips over thresholds compensable. The commission found that claimant's injury arose out of her employment in the instant case because claimant tripped over a threshold that was five-eighths inch in height, higher than the threshold involved in Turner. As a result, the commission remanded the case to the deputy commissioner for an award of benefits.

On remand, the deputy commissioner found that claimant suffered injuries to her head, shoulder, back, hip, and knees as a result of the workplace incident and that claimant was totally disabled from November 2, 2007, to March 31, 2008. The deputy commissioner awarded claimant temporary total disability benefits of $810.84 per week for this time period.

Furthermore, the deputy commissioner found that claimant was partially disabled from April 7, 2008, to June 17, 2008, and awarded claimant temporary partial disability benefits for this time period. The deputy commissioner also awarded claimant medical benefits, attorney's fees, and credits for sick leave and vacation pay taken during her periods of disability.

Employer appealed to the commission, which affirmed the deputy commissioner's decision. The commission declined to revisit its determination that claimant's injuries arose out of her employment, stating that the issue was properly decided in its previous opinion for the reasons stated therein. This appeal followed.

## II. ANALYSIS

The fundamental purpose of the Virginia Workers' Compensation Act (the Act) is to give compensation for accidental injuries arising out of and in the course of employment without regard to fault. Lawrence J. Pascal, Virginia Workers' Compensation: Law and Practice 1-3 (3d ed. 2000). Although workers' compensation should not require that every claim asserted be allowed, the provisions of the Act "'should be liberally construed'" in favor of the worker "'to carry out [its] humane and beneficial purposes.'" Dinwiddie Cnty. Sch. Bd. v. Cole, 258 Va. 430, 436, 520 S.E.2d 650, 653 (1999) (quoting Baggett Transp. Co. v. Dillon, 219 Va. 633, 637, 248 S.E.2d 819, 822 (1978)).

To recover benefits under the Act, an injured employee must prove an "'injury by accident arising out of and in the course of the employment.'" Marketing Profiles v. Hill, 17 Va. App. 431, 433, 437 S.E.2d 727, 729 (1993) (quoting Code § 65.2-101).

> The phrases arising "out of" and arising "in the course of" are separate and distinct. . . . The phrase arising "in the course of" refers to the time, place, and circumstances under which the accident occurred. The phrase arising "out of" refers to the origin or cause of the injury.

- 4 -

Cnty. of Chesterfield v. Johnson, 237 Va. 180, 183, 376 S.E.2d 73, 74 (1989). In this case, employer does not dispute that claimant's injury arose in the course of her employment. Rather, employer contends only that the commission erred in holding that claimant's injury arose out of her employment.

Whether a claimant's injury arose out of her employment "involves a mixed question of law and fact, which we review *de novo* on appeal." Blaustein v. Mitre Corp., 36 Va. App. 344, 348, 550 S.E.2d 336, 338 (2001). "On appellate review, the factual findings of the commission are binding if they are supported by credible evidence." Wagner Enters., Inc. v. Brooks, 12 Va. App. 890, 894, 407 S.E.2d 32, 35 (1991). "Accordingly, although we are bound by the commission's underlying factual findings if those findings are supported by credible evidence, we review *de novo* the commission's ultimate determination as to whether the injury arose out of the claimant's employment." Stillwell v. Lewis Tree Serv., 47 Va. App. 471, 477, 624 S.E.2d 681, 683 (2006) (internal citations omitted). "This Court is not bound by the legal determinations made by the commission. 'We must inquire to determine if the correct legal conclusion has been reached.'" Atlas Plumbing & Mech., Inc. v. Lang, 38 Va. App. 509, 513, 566 S.E.2d 871, 873 (2002) (quoting Cibula v. Allied Fibers & Plastics, 14 Va. App. 319, 324, 416 S.E.2d 708, 711 (1992)).

To determine whether a claimant's injury arose out of her employment, "we apply an 'actual risk test,' meaning that the employment must expose the employee to the particular danger causing the injury, notwithstanding the public's exposure generally to similar risks." Combs v. Va. Elec. & Power Co., 259 Va. 503, 510, 525 S.E.2d 278, 282 (2000). Application of the actual risk test supports a finding that an injury arises out of the claimant's employment "only if there is a causal connection between the employee's injury and the conditions under

which the employer requires the work to be done." Hilton v. Martin, 275 Va. 176, 180, 654

S.E.2d 572, 574 (2008).

> Under this test, if the injury can be seen to have followed as a
> natural incident of the work and to have been contemplated by a
> reasonable person familiar with the whole situation as a result of
> the exposure occasioned by the nature of the employment, then it
> arises "out of" the employment. But [the actual risk test] excludes
> an injury which cannot fairly be traced to the employment as a
> contributing proximate cause and which comes from a hazard to
> which the workmen would have been equally exposed apart from
> the employment. The causative danger must be peculiar to the
> work and not common to the neighborhood. It must be incidental
> to the character of the business and not independent of the relation
> of master and servant. It need not have been foreseen or expected,
> but after the event it must appear to have had its origin in a risk
> connected with the employment, and to have flowed from that
> source as a rational consequence.

Bradshaw v. Aronovitch, 170 Va. 329, 335, 196 S.E. 684, 686 (1938), quoted in Simms v. Ruby

Tuesday, Inc., 281 Va. 114, 122-23, 704 S.E.2d 359, 363 (2011). Thus, an injury does not arise

out of the employment "merely because it occurred during the performance of some employment

duty if the act performed by the employee is not a causative hazard of the employment. Simple

acts of walking, bending, or turning, without any other contributing environmental factors, are

not risks of employment." Southside Va. Training Ctr. v. Ellis, 33 Va. App. 824, 829, 537

S.E.2d 35, 37 (2000).

From the record before us, it appears the commission failed to apply the actual risk test to

determine whether claimant's injury arose out of her employment. Instead, the commission

relied upon its previous decisions in Turner, 75 O.W.C. 199, and Yousef, VWC File No.

211-81-31, to find that claimant's injury arose out of her employment. In Turner, the

commission found that a claimant's injury arose out of her employment when she tripped over

either a metal doorsill approximately one-half inch in height or an immediately adjacent rubber

mat. In the instant case, the commission reasoned that, because the threshold was five-eighths of

- 6 -

an inch in height, or one-eighth of an inch higher than the doorsill in <u>Turner</u>, claimant necessary suffered an injury arising out of her employment. In addition, the commission reasoned that because it had held in <u>Yousef</u> that a claimant's injuries arose out of his employment when he tripped over a rubber strip that formed an edge between marble flooring and carpeting, despite a lack of any defect in the strip or floor, claimant in the instant case had similarly suffered an injury by accident. This analysis misses a critical and necessary step in the pertinent inquiry.

Here, the commission made no findings of fact regarding whether claimant's risk of injury was "peculiar to [her] job and not one to which the general public [was] equally exposed." For example, the commission made no findings of fact regarding whether claimant had a heightened exposure to the risk of the threshold compared to that of the general public "by reason of her job responsibilities" requiring her to take a certain route. <u>Nurses 4 You, Inc. v. Ferris</u>, 49 Va. App. 332, 343, 641 S.E.2d 129, 134 (2007) (holding that a claimant was "more exposed to the risk of [a wheelchair] ramp than ordinary members of the public and more exposed to the risk than she would be apart from her employment" because her employment required her to park near the ramp to transport a patient confined to a wheelchair, thus making the ramp the most direct route to her car). Moreover, the commission made no findings of fact regarding whether the threshold was defective, requiring "an increased degree of attentiveness to negotiate" it. <u>Id.</u> at 341, 641 S.E.2d at 133 (citing <u>Grayson Sch. Bd. v. Cornett</u>, 39 Va. App. 279, 287, 572 S.E.2d 505, 509 (2002)).[2]

---

[2] The dissent argues that the commission, in relying upon <u>Turner</u> and <u>Yousef</u> and distinguishing <u>Harlow v. Cnty. of Louisa</u>, VWC File No. 222-60-44 (Va. Workers' Comp. Comm'n Dec. 12, 2005), implicitly applied the actual risk test in the instant case. However, the commission's discussion of these cases does not make clear that the commission applied the actual risk test or made the necessary factual findings required by the actual risk test in the instant case.

The dissent correctly notes that the commission applied the actual risk test in <u>Yousef</u> and <u>Harlow</u>. However, the commission's mere statement that the instant case is more analogous to <u>Yousef</u> than <u>Harlow</u> is not sufficient to show that the commission considered and applied the

Because the commission failed to properly apply the actual risk test in this case, we reverse the commission's ruling and remand for further fact finding consistent with this opinion. In so doing, we express no opinion on the merits of claimant's claim or whether credible evidence would support a finding that claimant's injury arose out of her employment, when the actual risk test is appropriately applied.

> In cases where, as here, the commission's express ruling on a dispositive point is too "unclear" for us to fairly infer an implied holding, we prefer to restate the governing legal principles and to permit the commission on remand to address the case anew. That is particularly true when we conclude the commission applied "an incorrect legal standard" and "truncated the factfinding task necessary under the correct legal standard."

Fairfax Cnty. Sch. Bd. v. Martin-Elberhi, 55 Va. App. 543, 548, 687 S.E.2d 91, 93 (2010) (internal citation omitted) (quoting Dowden v. Hercules, Inc., 51 Va. App. 185, 197, 655 S.E.2d 755, 761 (2008) (*en banc*) (plurality opinion)). For these reasons, we reverse the commission's decision and remand this case for further proceedings consistent with this opinion.

Reversed and remanded.

---

actual risk test in this case. As noted, the commission made no explicit finding that claimant was exposed to a heightened risk because of her employment or that the threshold was defective, which is necessary to satisfy the actual risk test.

In addition, while Turner purported to apply the actual risk test in determining "whether the claimant's stumble on her employer's premises [over a doorsill or adjacent mat] was caused by a risk of her employment," the commission in that case summarily concluded that "[t]he risk of tripping over the doorsill or the mat is a risk of the employment," without any analysis of whether there was a causal connection between the claimant's injury and the conditions under which the employer required the work to be performed. Thus, the commission's reliance on Turner in the instant case does little to demonstrate analytically that it implicitly considered whether claimant's employment "expose[d her] to the particular danger causing the injury, notwithstanding the public's exposure generally to similar risks." Combs, 259 Va. at 510, 525 S.E.2d at 282. Moreover, the commission's statement that the threshold here was "one-eighth inch higher than the one the claimant tripped over in Turner" seems to suggest a *per se* rule that thresholds of a certain height are necessarily "peculiar to the work and not common to the neighborhood" so as to satisfy the actual risk test, rather than examining on a case-by-case basis whether a risk is truly unique or causally connected to a claimant's employment.

Elder, J., dissenting.

The majority holds that the commission erred in failing to apply the "actual risk" test and "made no findings of fact regarding whether claimant's risk of injury was 'peculiar to [her] job and not one to which the general public [was] equally exposed.'" Supra at 7 (quoting Nurses 4 You, Inc. v. Ferris, 49 Va. App. 332, 343, 641 S.E.2d 129, 134 (2007) (alteration in original)). The majority therefore remands the case to the commission "to address the case anew" in accordance with the majority's recitation of the "actual risk" test. Fairfax Cnty. Sch. Bd. v. Martin-Elberhi, 55 Va. App. 543, 548, 687 S.E.2d 91, 93 (2010). I disagree with the majority's resolution of the case because I believe the commission implicitly applied the "actual risk" test by citing to prior commission decisions that adequately state the pertinent legal principles. Further, I believe the commission correctly determined that claimant was entitled to temporary disability benefits because the raised lip of the threshold presented a peculiar risk that was associated with claimant's employment. Accordingly, I respectfully dissent.

Under the Workers' Compensation Act, an injured employee "must prove by a preponderance of the evidence that the injury arose 'out of and in the course of the employment.'" Lucas v. Fed. Express Corp., 41 Va. App. 130, 133, 583 S.E.2d 56, 58 (2003) (quoting Code § 65.2-101). Although the commission may "consider all factual evidence, from whatever source, in its decision whether or not a condition of the workplace caused the injury," VFP, Inc. v. Shepherd, 39 Va. App. 289, 293, 572 S.E.2d 510, 512 (2002), "the commission's decision that an accident arises out of the employment involves a mixed question of law and fact and is thus reviewable on appeal," Southside Va. Training Ctr. v. Shell, 20 Va. App. 199, 202, 455 S.E.2d 761, 763 (1995). "[W]e must affirm the commission's judgment awarding [disability benefits] if those findings are supported by credible evidence in the record, regardless of whether

contrary evidence exists or contrary inferences may be drawn." Rusty's Welding Serv., Inc. v. Gibson, 29 Va. App. 119, 131, 510 S.E.2d 255, 261 (1999).

With this standard of review in mind, I believe the majority recites some of the facts in too summary a fashion. As the majority accurately states, Colin Forehand testified that he supervised the replacement of the six doors in June 2007 and the new doors had not been modified. However, Forehand also stated that cautionary signs were present in the area of the newly installed doors at the time claimant fell because the door was new and the threshold contained a raised lip. The purpose of the raised lip was to keep dust, debris, and small animals from entering underneath the door. In addition, Octavia Banks, who oversaw health and safety for employer, testified that she had placed the cautionary signs on the inside and outside of the particular door to warn those entering and exiting the building that the threshold was raised. The previous door threshold had not contained a raised lip; thus, cautionary signs were needed.

Employer argues the door threshold "is common to the neighborhood and not a risk of the employment." Specifically, employer contends claimant offered no clear testimony as to what aspect of the threshold caused her fall or how she fell. Employer further asserts the threshold was not an abnormal condition because the rise was a gradual incline and not an abrupt obstacle jutting out of the ground. Employer points out that similar thresholds are used in other office buildings, making them "common to the neighborhood," thereby defeating claimant's claim.

An accident arises out of the employment if there is a causal connection between the claimant's injury and the conditions under which the employer requires the work to be performed. R.T. Investments, Ltd. v. Johns, 228 Va. 249, 252, 321 S.E.2d 287, 289 (1984). "The causative danger must be peculiar to the work and not common to the neighborhood." Id. at 253, 321 S.E.2d at 289. For example, "the act of merely bending over is a risk to which the

general public is equally exposed."[3]  Vint v. Alleghany Reg'l Hosp., 32 Va. App. 60, 65-66, 526

S.E.2d 295, 298 (2000).

In the context of slipping on stairs, a condition similar to tripping over a doorway

threshold, "there must either be a defect in the stairs or claimant must have fallen as a result of a

condition of the employment."  Cnty. of Buchanan Sch. Bd. v. Horton, 35 Va. App. 26, 29, 542

S.E.2d 783, 784-85 (2001).  "[T]he condition . . . that caused the injury need not have been

overly dangerous (i.e., unduly slippery, *in disrepair*, poorly lit, or *structurally deficient*) to

constitute a 'defect.'"  Ferris, 49 Va. App. at 341, 641 S.E.2d at 133 (emphases added).

However, a mere falling down the stairs is insufficient.  See Shell, 20 Va. App. at 203, 455

S.E.2d at 763.  The claimant must present evidence that the "injury [was] sustained as a result of

a step of abnormal height or condition."  Grayson Sch. Bd. v. Cornett, 39 Va. App. 279, 287, 572

S.E.2d 505, 509 (2002).  Indeed, "it is enough that the stairs were of such a nature that they

required an increased degree of attentiveness to negotiate them."[4]  Ferris, 49 Va. App. at 341,

641 S.E.2d at 133.

---

[3] The commission's citation to Yousef v. Atlantic Coast Airlines, Inc., VWC File No.
211-81-31 (Va. Workers' Comp. Comm'n July 11, 2003), shows that the commission
appreciated the significance of the threshold's raised lip in conjunction with the cautionary signs.
In Yousef, the commission held that the "evidence showed that the accident was caused by the
unusual features of the joining of the carpeting and the marble flooring."  Relying on County of
Buchanan School Board v. Horton, 35 Va. App. 26, 542 S.E.2d 424 (1993), the commission held
that the "unusual physical feature where the claimant worked formed a sufficient nexus between
the claimant's work and the accident."  The commission, by linking the facts in this case to
Yousef, made clear it similarly found the caution signs and recent installation of the new
threshold constituted an "unusual feature" that formed a sufficient nexus between claimant's
work and the accident.

[4] Also illustrating the commission's implicit reliance on these principles of the "actual
risk" test is its discussion of two additional cases, Turner v. Southern Virginia Mental Health
Institute, 75 O.W.C. 199 (1996), and Harlow v. County of Louisa, VWC File No. 222-60-44,
2005 VA Wrk. Comp. LEXIS 1172 (Dec. 12, 2005).  In Harlow, the commission denied the
claimant's request for benefits because she "offered no evidence that the stoop [she slipped on,]
other than being one and a half inches high, was defective."  2005 VA Wrk. Comp. LEXIS 1172,
at *5.  Significantly, the claimant "had used this particular door on many occasions without

In Cornett, the claimant was disembarking from the school bus she had been driving as part of her employment when she slipped, fell, and landed outside the bus. 39 Va. App. at 282, 572 S.E.2d at 506. This Court held that her resulting injuries were compensable because the evidence established that "the difference in the configuration of the steps in the bus [claimant] was driving on the date of her injury and her usual bus was the cause of her accident." Id. at 287, 572 S.E.2d at 509. Because the "steps were angled, different in height, and different from normal bus steps," "the record provide[d] sufficient evidence for the full commission to infer that the oddity of the step construction made the stairs a condition of the workplace that contributed to her fall." Id. at 287-88, 572 S.E.2d 509-10.

Here, the evidence establishes that employer had recently installed the new doorway and raised threshold to replace the previous, malfunctioning doorway. This new threshold contained a raised lip that was approximately one-half-inch high. Employer believed the threshold posed a safety concern and attached cautionary signs near the entrance to warn employees of the raised threshold. Thus, the record establishes that the threshold was a *new* condition of the workplace to which the employees were not accustomed, as demonstrated by the employer's belief in the need for the cautionary signs. Indeed, claimant testified she was unfamiliar with the raised lip of the threshold. Notably, prior case decisions have focused on the claimant's familiarity with the alleged workplace hazard in affirming an award of benefits. See, e.g., id. But see Shell, 20 Va. App. at 202, 455 S.E.2d at 762-63 (reversing an award of benefits despite the fact the

---

incident." Id. The commission implicitly contrasted the situation in Harlow with the case at hand by noting that the threshold, which had been installed only recently, had a raised lip not present on the previous threshold and that cautionary signs had been posted as a result. Thus, the commission demonstrated its awareness that "'simple acts of walking, bending, or turning, without any other *contributing environmental factors*, are not risks of employment.'" Id. at *3 (quoting Southside Va. Training Center v. Ellis, 33 Va. App. 824, 829, 537 S.E.2d 35, 37 (2000) (emphasis added)). Although the commission did not affirmatively state it was applying the "actual risk" test, its reliance on these cases makes clear that the commission knew and applied this test's requirements.

- 12 -

claimant had tripped over steps in a building in which the stairs "were different from those to which she was accustomed" in her usual work building). By installing a threshold that had a previously unknown physical feature, employer created a condition "of such a nature that [it] required an increased degree of attentiveness to negotiate [it]," Ferris, 49 Va. App. at 341, 641 S.E.2d at 133, rendering the resulting injury compensable.

Significantly, Hudson testified that the threshold was of a type not typically used in residences, but rather only for office buildings. The purpose of the raised threshold was to prevent debris and small animals from entering the building. This evidence supports a finding that employer installed the threshold to meet this specific business concern, a concern not normally associated with residences—presumably because residences do not experience the same high volume of traffic entering and exiting the building. Employer thus subjected claimant to a heightened risk of tripping in order to accommodate those concerns. Compare Reserve Life Ins. Co. v. Hosey, 208 Va. 568, 159 S.E.2d 633 (1968) (holding a higher-than-normal stair is an abnormal condition), Ferris, 49 Va. App. at 342-43, 641 S.E.2d at 134 (finding a defect where the wheelchair ramp appeared to be level from the vantage point of claimant when she fell and injured herself), and Shepherd, 39 Va. App. at 293, 572 S.E.2d at 512 (holding scaffolding is an abnormal condition because the height presented a greater risk than ordinary stairs), with Horton, 35 Va. App. at 30, 542 S.E.2d at 785 (reversing an award of benefits because the claimant could not prove the set of steps from which she fell presented a particular risk).

The decision makes clear that the commission knew of the "actual risk" test's requirements and applied them to the case at hand. Further, credible evidence supports the commission's finding that claimant's trip over the threshold arose out of her employment. The raised lip of the threshold, its recent installation, the employer's placement of cautionary signs near the threshold, and specific purpose of which the threshold was installed all constitute

- 13 -

credible evidence supporting the commission's award of benefits.  Accordingly, I would affirm the commission's award of temporary disability benefits, and I respectfully dissent.