COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Felton, Judges Frank and McClanahan
Argued at Richmond, Virginia


TBC CORPORATION AND
  ACE AMERICAN INSURANCE
                                                              OPINION BY
v.        Record No. 2224-06-2              CHIEF JUDGE WALTER S. FELTON, JR.
                                                              MAY 1, 2007
GREGORY STEPHENS


             FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

             Scott C. Ford (Brian A. Richardson; McCandlish Holton, PC, on
             briefs), for appellants.

             Eric S. Wiener (Curtis Daniel Cannon, on brief), for appellee.


       TBC Corporation and Ace American Insurance (collectively "employer") appeal a

Workers' Compensation Commission ("commission") decision awarding medical benefits to

Gregory Stephens ("claimant") for an ankle injury he sustained on March 11, 2005.  Employer

argues that the commission erred in finding that claimant sustained a compensable injury arising

out of his employment when he fell while discussing work-related matters with his supervisor at

his place of employment.  Because we conclude that the commission erred in finding that

claimant's injury arose out of his employment, we reverse.

                                  I.  BACKGROUND

       Well-established principles require us to view the evidence in the record in the light most

favorable to the claimant, the prevailing party below.  Boys and Girls Club of Virginia v.

Marshall, 37 Va. App. 83, 85, 554 S.E.2d 104, 105 (2001).  So viewed, the evidence established

that claimant, an automobile service technician, sustained an injury to his left ankle when he fell

backward, after being touched by a fellow employee while he was talking with his supervisor

about work-related matters.  During the conversation, claimant crossed his left leg over his right leg and leaned against a counter for support.  A co-worker, David Robles ("Robles"), approached him from behind and, while placing his hand on claimant's shoulder, unintentionally "made contact with" the back of claimant's left knee with his leg.  As a result of the contact to his knee, claimant fell backwards to the floor.  He immediately felt pain in his left ankle, which was caught under the bottom of the counter.

Claimant filed a claim with his employer for workers' compensation benefits as a result of his ankle injury.  He sought temporary total disability benefits from March 14 through April 4, 2005, and medical benefits for as long as necessary.  Employer denied the claim on the grounds that claimant did not describe "an 'injury by accident' as defined in the Virginia Workers' Compensation Act ("Act") while 'in the course and scope of [] employment' . . . ."  Claimant appealed employer's denial of benefits to the commission.  Following an evidentiary hearing, a deputy commissioner found that the claimant sustained a "sprained ankle that arose out of and in the course of his employment" and awarded lifetime medical benefits.[1]  The deputy commissioner specifically found that there was "not substantial horseplay in which [claimant] was engaged and that there has been no allegation of an assault at work."

The deputy commissioner granted employer's request for reconsideration to address its defense that claimant's injury was caused by a "friendly greeting" and that claimant's injury, therefore, did not arise out of his employment.  On reconsideration, the deputy commissioner determined that the incident was not a "friendly greeting," and affirmed its earlier decision that the incident could not be classified as horseplay or assault.  The deputy commissioner concluded that claimant's injury occurred when he was touched unexpectedly by a fellow employee and

---

[1] The deputy commissioner denied temporary total disability compensation benefits, finding the evidence insufficient to support that claim.  Claimant did not appeal that decision.

again found that claimant's injury occurred while he was "in the course of his employment discussing automobile parts with his supervisor."

On review before the full commission, employer argued that "claimant failed to prove that a work related hazard caused his injury." Claimant argued that the deputy commissioner's "ultimate factual determination is consistent with a finding *that the injury resulted from a unilateral act of horseplay*," thereby entitling him to benefits. (Emphasis added). The full commission affirmed the deputy commissioner's decision that "impliedly found" that the fellow employee's contact with claimant's knee was "accidental, not intentional" and, that "[a]s the act was not intentional, and the claimant was discussing work-related matters when the accidental touching occurred, . . . [claimant] proved that the injury arose out of the employment." This appeal followed.

## II. ANALYSIS

The sole issue on appeal is whether claimant's injury arose out of his employment. Under the Act, claimant must prove that he "'suffered an injury by accident arising out of and in the course of the employment.'" Virginia Employment Commission/Commonwealth v. Hale, 43 Va. App. 379, 384, 598 S.E.2d 327, 329 (2005) (quoting Code § 65.2-101). "Arising out of" and "in the course of" are separate and distinct requirements. Bassett-Walker, Inc. v. Wyatt, 26 Va. App. 87, 92, 493 S.E.2d 384, 387 (1997) (en banc). Claimant must prove by a preponderance of the evidence that he has satisfied each requirement. Id. "The phrase 'in the course of' refers to the time, place and circumstances under which the accident occurred." County of Chesterfield v. Johnson, 237 Va. 180, 183, 376 S.E.2d 73, 74 (1989). Neither party disputes that claimant sustained an injury in the course of his employment.

"The phrase arising 'out of' refers to the origin or cause of the injury." Johnson, 237 Va. at 183, 376 S.E.2d at 74. To determine whether the cause of the injury is work-related, we apply

- 3 -

the actual risk test, "meaning that the employment must expose the employee to the particular danger causing the injury notwithstanding the public exposure to similar risks." Combs v. Virginia Electric & Power Co., 259 Va. 503, 510, 525 S.E.2d 278, 282 (2000) (citing Lucas v. Lucas, 212 Va. 561, 563, 186 S.E.2d 63, 64 (1972)).  Thus, the actual risk test "excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workmen would have been equally exposed apart from employment."[2] Id. at 509, 525 S.E.2d at 282.  Whether an employee's work-related injury arises out of his employment "involves a mixed question of law and fact, which we review *de novo* on appeal." Blaustein v. Mitre Corp., 36 Va. App. 344, 348, 550 S.E.2d 336, 338 (2001).

The characterization of an injury as resulting from an "accident," "assault," "horseplay," "friendly greeting," or "goosing," without more, does not prove that an injury "arose out of" the employment. Combs, 259 Va. at 509, 525 S.E.2d at 282 (citing In Re Employers' Liab. Assur. Corp., Ltd., 102 N.E. 697, 697 (Mass. 1913)).  Claimant must prove that the injury was the result of an actual risk of the employment. See Butler v. Southern States Coop., Inc., 270 Va. 459, 466, 620 S.E.2d 768, 772-73 (2005) (non-compensable injury resulting when an assault on employee was personal and not directed against her as an employee or because of her employment); Farmer's Mfg. Co. v. Warfel, 144 Va. 98, 100, 131 S.E. 240, 240 (1926) (compensable injury where assault stemmed from argument between co-workers about the performance of work-related duties); Dublin Garment Co. v. Jones, 2 Va. App. 165, 168, 342 S.E.2d 638, 639 (1986) (compensable injury resulting from "the unilateral act of a co-worker upon a non-participating claimant" where lengthy overtime work session was determined to be motivation for co-worker's conduct); Richmond Newspapers, Inc. v. Hazelwood, 249 Va. 369,

---

[2] Virginia has expressly rejected the "positional risk" test used in other jurisdictions "where simply being injured at work is sufficient to establish compensability." Butler v. Southern States Coop., Inc., 270 Va. 459, 465, 620 S.E.2d 768, 772 (2005).

375, 457 S.E.2d 56, 59 (1995) (psychological condition resulting from repeated "goosing" not compensable as "goosing" was of a personal nature and not directed against claimant as an employee or in furtherance of employer's business). An injury that results from an accidental or unintentional touching by a fellow employee, without proof that the injury resulted from an actual risk of the employment, does not arise out of the workplace. See Combs, 259 Va. at 509, 525 S.E.2d at 282 (citing In Re Employers' Liab. Assur. Corp., Ltd., 102 N.E. at 697).

In all proceedings before the commission, claimant argued that his fellow employee, Robles, intentionally caused him to fall backwards and to injure his ankle, which was caught under the counter as he fell. He specifically argued to the full commission that the deputy commissioner's "ultimate factual determination [was] consistent with a finding that the injury resulted from a unilateral act of horseplay." He made no argument to the commission that the design of the counter was a unique risk of the workplace. On review by the full commission, claimant relied solely on his "unilateral act of horseplay" argument despite the deputy commissioner's finding that "there was not substantial horseplay" and that "[n]othing in the testimony of either witness gives me cause for a finding of either horseplay or assault . . . ." While the commission found that claimant's injury resulted from his ankle being caught under the counter as he fell backwards, the record contains no finding by it that the design of the counter was a risk peculiar to the workplace, nor did claimant request that it do so.

For the first time on appeal to this Court, claimant argues that his injury resulted from a condition of the workplace, the design of the counter. He argues, "had [claimant's] foot not been caught under the edge of the counter, his ankle would not have been exposed to the unusual position and force that caused the injury" and that the general public is "not exposed to the risk of getting a foot caught under the edge of the counter where claimant worked." In his written statements to the commission opposing employer's request for review, claimant did not argue

- 5 -

that his injury was compensable because it resulted from a condition of the workplace. In failing to present that theory to the commission, claimant denied the commission the opportunity to determine whether the counter was an actual risk of his employment. Claimant is now barred from arguing an alternate theory for the first time to this Court on appeal. Southwest Architectural Products, Inc. v. Smith, 4 Va. App. 474, 478, 358 S.E.2d 745, 747 (1987) ("Although Rule 5A:21 allows an appellee to raise additional issues on brief, it does not dispense with the requirement of Rule 5A:18 that only those issues properly preserved for appellate review will be considered."); Boys and Girls Club of Virginia, 37 Va. App. at 85 n.1, 554 S.E.2d at 105 n.1 ("[I]ssues which were not properly preserved before the commission cannot be raised on appeal." (citing Overhead Door. Co. of Norfolk v. Lewis, 29 Va. App. 52, 62, 509 S.E.2d 535, 539 (1987))).

Claimant also requests that we apply the "right result, wrong reason" rationale to affirm the commission's award of benefits in this case. We decline to do so. An appellate court may not affirm a decision of the commission "'where, because the [commission] has rejected the right reason or confined its decision to a specific ground, further factual resolution is needed before the right reason may be assigned to support the [commission's] decision.'" Harris v. Commonwealth, 39 Va. App. 670, 676, 576 S.E.2d 228, 231 (2003) (quoting Driscoll v. Commonwealth, 14 Va. App. 449, 452, 417 S.E.2d 312, 313 (1992)). Concluding that the commission reached the right result in this case would require additional fact-finding by the commission to determine whether the design of the counter posed a risk unique to claimant's workplace.

### III. CONCLUSION

We conclude that the commission erred in finding that claimant's injury arose out of his employment. It found that the injury did not result from an intentional act by claimant's

co-worker or any type of horseplay, and it made no finding that claimant's injury following the accidental touching by a co-worker arose out of a condition peculiar to the workplace. It simply found that, because claimant was injured when he fell after being accidentally touched by a fellow employee while discussing work-related business, the injury was compensable. The record supports a finding that claimant's injury occurred in the course of his employment, but fails to support the commission's finding that the claimant proved his injury resulted from an actual risk arising out of his employment. We, therefore, reverse the commission's award of medical benefits to claimant.

<u>Reversed.</u>