COURT OF APPEALS OF VIRGINIA


Present: Judges Frank, Humphreys and Millette
Argued by teleconference


CITY OF NORFOLK SCHOOL BOARD

MEMORANDUM OPINION* BY
v.        Record No. 0253-08-1          JUDGE LeROY F. MILLETTE, JR.
                                        JULY 22, 2008
DIANNE MITCHELL


FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

Joan E. Mahoney, Deputy City Attorney (Bernard A. Pishko,
City Attorney; Norfolk City Attorney's Office, on brief), for appellant.

Charlene A. Morring (Montagna, Klein, Camden LLP, on brief),
for appellee.


City of Norfolk School Board (employer) appeals from a decision of the Workers'

Compensation Commission (commission) awarding benefits to Dianne Mitchell (Mitchell). The

relevant issue on appeal is whether the full commission erred in ruling that the deputy

commissioner found Mitchell was not terminated for cause pursuant to Chesapeake & Potomac

Tel. Co. v. Murphy, 12 Va. App. 633, 406 S.E.2d 190 (1990). For the following reasons, we

affirm the decision of the commission. The parties being familiar with the record below, we

refer only to those facts necessary to a disposition of this appeal.

Supreme Court Rule 5A:18 governs appeals from the commission and states, in part, that

"[n]o ruling of . . . the Virginia Workers' Compensation Commission will be considered as a

basis for reversal unless the objection was stated together with the grounds therefor at the time of

the ruling . . . ." On appeal, this Court considers only those issues raised before the full

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

commission and properly appealed to it from the deputy commissioner's opinion. See TBC

Corp. v. Stephens, 49 Va. App. 650, 658, 644 S.E.2d 84, 88 (2007) (citing Boys and Girls Club

of Virginia v. Marshall, 37 Va. App. 83, 85 n.1, 554 S.E.2d 104, 105 n.1 (2001) ("[I]ssues which

were not properly preserved before the commission cannot be raised on appeal.")).

While employer asserts on appeal that the commission erred in holding the deputy

commissioner found no termination for cause under Murphy, employer failed to assert a

"termination for cause" objection upon its appeal to the full commission. [1] Murphy, 12 Va. App.

633, 406 S.E.2d 190. Indeed, the full commission noted employer's error in this regard when it

stated in its case decision, "The Deputy Commissioner found no termination for cause under

C & P Telephone v. Murphy . . . because the claimant was not engaged in selective employment

at the time of her termination. *This finding was not appealed and is final*." (Emphasis added).

As the issue of termination for cause was never appealed to the full commission, we cannot now

consider it on appeal. Thus, based on the finding that Mitchell was *not* terminated for cause

under Murphy, we are unable to consider employer's related assignment of error that presumes

---

[1] Employer's two "Questions Presented" upon appeal to the full commission were as follows:

> May an employer demonstrate a *constructive refusal of selective employment* by a claimant under no restrictions at the time of her termination for cause, by showing that it later would have made selective employment available to her but for her earlier termination?
>
> Must an employer prove it made *an actual, bona fide offer* of selective employment to an employee after she received work restrictions that she actually or constructively refused?

(Emphasis added).

Mitchell *was* terminated for cause.[2]  Therefore, we hold employer's arguments on appeal are defaulted and affirm the commission's holding.

Affirmed.

---

[2] Employer's second "Question Presented" on appeal to this Court is, "[w]hether the Commission erred in ruling that the employer could not prove a constructive refusal of selective employment by showing that it would have offered the claimant light duty work, *but for her earlier termination for cause*?"  (Emphasis added).