COURT OF APPEALS OF VIRGINIA

Present:   Chief Judge Felton, Judges Elder and Humphreys
Argued at Richmond, Virginia


MARIA ESTELA RODRIGUES

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 1512-11-2              CHIEF JUDGE WALTER S. FELTON, JR.
                                                         MAY 1, 2012

ARLINGTON COUNTY SCHOOLS AND
 VIRGINIA GROUP SELF-INSURANCE ASSOCIATION


            FROM THE VIRGINIA WORKERS' COMPENSATION COMMISSION

              S. Vernon Priddy III (Stephen A. Marshall; Two Rivers Law Group,
              P.C., on brief), for appellant.

              William S. Sands, Jr. (Duncan and Hopkins, P.C., on brief), for
              appellees.


        Maria Estela Rodrigues ("claimant") appeals a decision of the Workers' Compensation

Commission ("commission") holding that she was not entitled to temporary total disability

benefits and medical benefits.  She contends that the commission erred in holding that her

asserted injuries did not arise out of her employment as required by Code § 65.2-101.  Claimant

also contends that the commission erred in holding that her testimony before the deputy

commissioner failed to establish that she tripped over a desk at her place of employment causing

her fall.  Finally, she asserts that the commission improperly gave greater weight to her recorded

statement to employer's representative than to her sworn testimony before the deputy

commissioner.[1]  For the following reasons, we affirm the findings of the commission.

---

              [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

              [1] We use the term "employer" to include both the employer, Arlington County Schools,
and its insurer, VML Insurance Programs.

I.

Claimant was employed as a special education teacher for employer. On June 18, 2009, claimant fell around 9:30 a.m. while in the hallway outside of her classroom. Claimant later received a total right hip replacement on July 27, 2009, which she asserts was the result of her June 18, 2009 fall.[2] On October 29, 2009, claimant filed a claim with the commission seeking medical benefits and temporary total disability compensation from June 18, 2009 and continuing.

In order to obtain benefits under the Virginia Workers' Compensation Act ("Act"), claimant must prove that she "suffered an injury by accident arising out of and in the course of the employment." Code § 65.2-101. "'Arising out of' and 'in the course of' are separate and distinct requirements." TBC Corp. v. Stephens, 49 Va. App. 650, 655, 644 S.E.2d 84, 87 (2007) (quoting Bassett-Walker, Inc. v. Wyatt, 26 Va. App. 87, 92, 493 S.E.2d 384, 387 (1997) (*en banc*)). "Claimant must prove by a preponderance of the evidence that [s]he has satisfied each requirement." Id.[3]

> "The phrase arising 'out of' refers to the origin or cause of the injury." [County of Chesterfield v. Johnson, 237 Va. 180, 183, 376 S.E.2d 73, 74 (1989)]. To determine whether the cause of the injury is work-related, we apply the actual risk test, "meaning that the employment must expose the employee to the particular danger causing the injury notwithstanding the public exposure to similar risks." Combs v. Virginia Electric & Power Co., 259 Va. 503, 510, 525 S.E.2d 278, 282 (2000) (citing Lucas v. Lucas, 212 Va. 561, 563, 186 S.E.2d 63, 64 (1972)). Thus, the actual risk test "excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workmen would have been equally exposed apart from employment." Id. at 509, 525 S.E.2d at 282.

Id. at 655-56, 644 S.E.2d at 87 (footnote omitted).

---

[2] Prior to her June 18, 2009 fall, claimant had both hips replaced.

[3] Here, neither party contests that claimant's injury occurred "in the course of" her employment. Code § 65.2-101.

- 2 -

"The commission's decision that an accident arises out of the employment is a mixed question of law and fact and is therefore reviewable on appeal. By statute, the commission's factual findings are conclusive and binding on this Court when those findings are based on credible evidence." City of Waynesboro v. Griffin, 51 Va. App. 308, 312, 657 S.E.2d 782, 784 (2008) (citation omitted).

A deputy commissioner conducted a hearing on claimant's request for benefits on September 15, 2010. The deputy commissioner found:

> that there were no added risks which created a hazard of the employment here. She claims here that her foot caught on a desk in the hallway and that the area between the desks and boxes was tight, making it difficult to maneuver around them. She also maintains now that her foot caught on a desk. However, she made no such statements at the time of her recorded statement. In fact, she stated that there was enough room for a normal person to pass through the hallway. Moreover, she clearly stated that she did not know what caused her to fall. Her attempt now to claim otherwise is simply not persuasive in light of all the other evidence. Therefore, we find that the injury here did not arise out of the claimant's employment.

On review, the full commission affirmed the deputy commissioner's denial of claimant's request for benefits. It stated:

> At the hearing, the claimant identified a causative hazard, i.e., catching her foot on a desk as she maneuvered through the atypically crowded hallway. However, these statements are simply not persuasive given the evidence as a whole in the case. Several co-workers testified to assisting the claimant immediately after the fall. No one mentioned hearing that the claimant contacted any objects in the hallway. At most, the claimant conveyed that her shoe stuck, and such would not necessarily represent a causative hazard. Additionally, the medical record failed to convincingly substantiate the claimant's description of her foot catching on a desk. Lastly, and most significantly, the claimant candidly testified during her recorded statement that she did not know the cause of her fall. We acknowledge that she discussed the items in the hallway. Yet, she never stated that she somehow impacted, struck or tripped on a desk and that this activity caused her fall. She merely described the existence of the items in the hallway, and

- 3 -

in fact, discounted that she had difficulty walking between the items.[4]

(Footnote added).

II.

In its role as the finder of fact, "the [c]ommission resolves all conflicts in the evidence and determines the weight to be accorded the various evidentiary submissions." Bass v. City of Richmond Police Dep't, 258 Va. 103, 114, 515 S.E.2d 557, 563 (1999). "'[I]t is our duty to determine whether credible evidence supports the [c]ommission's finding . . . and, if such evidence exists, to sustain the finding.'" Celanese Fibers Co. v. Johnson, 229 Va. 117, 121, 326 S.E.2d 687, 690 (1985) (quoting Cook v. City of Waynesboro, 225 Va. 23, 31, 300 S.E.2d 746, 750 (1983) (citations omitted)) (first and third alterations in original).

"We view the evidence on appeal in the light most favorable to [employer], the prevailing party before the commission." Dunnavant v. Newman Tire Co., 51 Va. App. 252, 255, 656 S.E.2d 431, 433 (2008). So viewed, we note that the record on appeal contains multiple varying explanations claimant gave for her fall. She testified before the deputy commissioner that her right foot caught on a desk outside of her classroom causing her to fall. She denied telling anyone that she tripped over her feet and fell, while Dr. Wellborn's medical records, from the day after her fall, reflect that claimant told him that she "[t]ripped on something and fell" at work. Several of claimant's co-workers testified that claimant stated that her shoes stuck to the floor at the time of her fall.

---

[4] In her dissent, Commissioner Diamond asserts that claimant had proved her injury arose out of her employment as the record showed that "it is more likely than not that the desks and boxes that were cluttering the hallway contributed to the claimant's fall." Commissioner Diamond also criticizes the majority's reliance on claimant's recorded statement over her sworn testimony before the deputy commissioner.

Claimant also gave numerous inconsistent reasons for her fall to her treating physicians. She told emergency room medical personnel on June 18, 2009 that she fell at work without further explanation. On June 26, 2009, she told Dr. Emami that she was "pushed at work and fell." On the same day, she told Dr. Fung that she was "in the hallway walking when all of a sudden she fell face first down to the ground."

While asserting to the commission in her claim for benefits that she fell when her *right* foot caught on a desk in the school hallway, her medical records with Dr. Kim state that claimant "thinks that she perhaps tripped on her *left* foot and she fell down. But, she did not recall tripping." (Emphasis added). Dr. Kim's later medical report of October 13, 2010, sent to the commission, states that he understood from claimant that she tripped on the leg of a desk at work which caused her fall.

Claimant also asserts that the commission erred in holding that she never testified that she tripped on a desk and fell. However, the record on appeal shows that the commission's statement that claimant never "stated" that she tripped on a desk and fell refers to claimant's recorded statement to employer's representative on June 25, 2009, and not to her testimony before the deputy commissioner. At no time during her interview with employer's representative did claimant state that she tripped on a desk which caused her to fall. The record shows that claimant told employer's representative that she did not know why she fell.

Finally, claimant contends on appeal that the commission erred in stating that she "testified" during her recorded statement to employer's representative and granting more weight to the recorded statement than to her sworn testimony before the deputy commissioner.[5] We

_____

[5] Claimant told the deputy commissioner that she did not recall the specifics of the telephone call with employer's representative and explained that she was under the effects of medication at the time. She reasserts this claim on appeal. On appeal, we cannot say that the commission was plainly wrong when it, as a fact finder, stated it would "afford little value to this

- 5 -

hold claimant failed to preserve for appeal the claim that the commission erred in characterizing her recorded statement as testimony because she did not file a motion to reconsider or raise this issue before the commission in any other way. See Rule 5A:18; Overhead Door Co. of Norfolk v. Lewis, 29 Va. App. 52, 62, 509 S.E.2d 535, 539-40 (1999), cited with approval in Williams v. Gloucester Sheriff's Dep't, 266 Va. 409, 411, 587 S.E.2d 546, 548 (2003). We also hold the record on appeal does not reflect that the deputy commissioner gave undue weight to claimant's recorded statement to employer's representative over her sworn testimony. The record on appeal shows that claimant's recorded statement to employer's representative was simply additional evidence of claimant's inability to provide a consistent explanation for how she fell. Where credible evidence exists in the record to support the commission's finding that claimant's evidence did not prove the cause of her fall, we are bound by that factual finding. See Celanese Fibers Co., 229 Va. at 121, 326 S.E.2d at 690. From our review of the record on appeal, it is clear that the commission considered claimant's entire medical record related to her fall, as well as the testimony of the witnesses, including claimant's recorded statement to employer's representative. We cannot say that the commission erred in finding claimant's injuries did not arise out of her employment with employer.

Accordingly, for the foregoing reasons and the reasons stated by the majority of the commission, we affirm the decision of the commission denying claimant's request for temporary total disability benefits and medical benefits.

Affirmed.

---

argument." The record shows that during the recorded statement, claimant acknowledged she was taking medications at the time of the interview. When questioned whether she understood the conversation, claimant responded yes. She also told the interviewer she would indicate if she did not understand any questions. "Similarly, at the end of the interview, the claimant agreed that she understood all of the questions and answered them correctly to the best of her knowledge."